UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, TIMOTHY J. SAPPINGTON, IN HIS REPRESENTATIVE CAPACITY AS PRESIDENT AND BUSINESS MANAGER, LOCAL UNION 513 PENSION FUND, LOCAL UNION 513 HEALTH AND WELFARE FUND, LOCAL UNION 513 SUPPLEMENTAL VACATION FUND, LOCAL UNION 513 ANNUITY FUND, LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, and TIMOTHY J. SAPPINGTON, IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF TRUSTEES OF SAID FUNDS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LANDGRAF & SON, LLC, | ) ) |
| Serve: Daniel H. Rau, Registered Agent | ) ) |
| Defendant. | ) |

Cause No.

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned Counsel, and for Count I of their Complaint against Defendant, state as follows:

### Parties

1.  Plaintiff Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513"), is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §1002(4), and is a labor organization within the meaning of Section 1(5) of the Labor-

Management Relations Act of 1947 (hereinafter "LMRA"), as amended, 29 U.S.C. §151(5). Plaintiff Timothy J. Sappington (hereinafter "Plaintiff Sappington") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Plaintiff Local Union 513 Pension Fund (hereinafter "Pension Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Local Union 513 Health and Welfare Fund (hereinafter "Welfare Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Local Union 513 Supplemental Vacation Fund (hereinafter "Vacation Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to

maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Local Union 513 Annuity Fund (hereinafter "Annuity Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7. Together, the foregoing Pension Fund, Health and Welfare Fund, Supplemental Vacation Fund, Annuity Fund and Joint Apprenticeship Training Fund shall be referred to as the "Plaintiff Funds."

8. Defendant Landgraf & Son, LLC (hereinafter "Defendant"), is a Missouri Corporation with a registered agent residing at 354 S. Silver Springs Rd. Suite A, Cape Girardeau, MO 63703.

9.  Defendant is, was and at all relevant times has been an employer in an industry affecting commerce within the meaning of Section 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of §§2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7).

## Jurisdiction and Venue

10.  This Court has jurisdiction over this matter by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. §1132(a), (3) and 1145, in that Plaintiff Sappington is a fiduciary who seeks to enforce the provisions of the Trust documents establishing the Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with Defendant Concrete Coring.

11.  The Court has personal jurisdiction over Defendant, pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e).

12.  Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), in that the Plaintiff Funds are administered within the jurisdiction of this Court and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

## Facts Common to all Counts

13.  At all times relevant to this Complaint, Defendant, was and has been signatory to a valid and binding Collective Bargaining Agreement (the "Agreement") with Local No. 513.

14.  At all times relevant to this Complaint, Defendant was and has been signatory to a Participation Agreement with the Plaintiff Funds, by which Defendant became signatory to, and obligated itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds and establishing the Plaintiff Funds.

15. The Agreement and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including Defendant.

16. The Agreement and/or Trust Documents require Defendant to timely submit reports of hours worked by its employees covered by the Agreement, along with financial contributions.

17. Signatory contractors, including Defendant, are required to submit reports of hours worked by covered employees, with payment, by the 20th of each month for the prior month's work.

18. The Agreement and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours, or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

19. The Agreement and/or Trust Documents further provide that in the event of litigation to recover a delinquency, the contractor shall be liable for the costs of collection, including court costs, interest and attorneys' fees.

20. Despite its obligations as set forth herein, Defendant has become delinquent to the Plaintiff Funds in an unknown principle amount, before liquidated damages.

21. Defendant, however, is believed not to have fully, accurately and completely reported its fringe benefit obligation to the Plaintiff Funds for an extended period of time and the full amount of its liability is therefore unknown.

22. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

23. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all its

5

obligations required under the Agreement and Trust Documents, to submit its records to an audit and to pay required contributions and ancillary amounts to the Plaintiff Funds.

24. As a result of Defendant's failure to make these required contributions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendant;

b. Enter an Order awarding Plaintiffs all delinquent contributions due and owing subject to proof;

c. Enter an interlocutory order requiring Defendant to submit its records to an audit, and further, that Defendant reimburses Plaintiffs the cost of said audit;

d. Enter an order awarding additional contributions determined to be due and owing pursuant to the audit;

e. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter an order awarding Plaintiffs liquidated damages in the amount of 20% of the delinquency;

g. Enter an injunction requiring Defendant to timely submit its monthly Contribution Report Forms on a going forward basis;

h. Enter an order awarding Plaintiffs their attorney's fees, auditing fees, accounting fees, expert fees and other costs;

i. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

j. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
St. Louis, MO 63108
(314) 531-1054 Telephone
(314) 531-1131 Facsimile
jfaul@hrjlaw.com

Attorneys for Plaintiffs